UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

JEFFREY L. SOMERVILLE,

      Debtor.

_____/

JEFFREY L. SOMERVILLE,

      Plaintiff,

v.

THE ESTATE OF EARL W. DALZELL,

      Defendant.

_____/

Case No. DK 17-03807
Hon. Scott W. Dales
Chapter 13

Adversary Pro. No. 21-80019

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                   Chief United States Bankruptcy Judge

The court has reviewed the Motion for Entry of Default Judgment (ECF No. 8, the "Motion") through which plaintiff Jeffrey L. Somerville (the "Plaintiff") seeks to discharge a mortgage encumbering real estate commonly known as 48385 Woodhenge, Mattawan, MI, ostensibly held by the Estate of Earl W. Dalzell ("Defendant").  The complaint recites that the original mortgagee, Earl W. Dalzell, died and that no formal probate proceedings have been initiated.

As for service of the summons and complaint, the Plaintiff states that he caused the summons and complaint to be served by U.S. Mail upon the Estate of Earl W. Dalzell at Mr. Dalzell's last known address, upon Judith Dalzell at her address, and upon attorney Owen Rainey, Esq., at his professional address.  According to the complaint, Ms. Dalzell

is the decedent's widow and Mr. Rainey, her counsel.  The Plaintiff, however, does not identify the rule under which he has served the Defendant by serving the summons and complaint on a decedent's widow and her counsel.  Instead, he appears to be leaving that issue up to the court, although he bears the burden of proving proper service.

Noting that the Defendant is deceased and that no probate estate has been opened, the court has doubts about the propriety of service -- obviously a prerequisite for entry of judgment by default -- and whether an unopened probate "estate" has capacity to be sued. *See* Fed. R. Civ. P. 17(b)(3) (applicable per Fed. R. Bankr. P. 7017) (state law governs capacity to sue or be sued).  A decedent is not a proper defendant in Michigan and a plaintiff ordinarily may not sue a decedent's estate before a personal representative is named. *See Packard v. Brown*, Slip Op. No. 344720, 2019 WL 3986244 (Mich. Ct. App. Aug. 22, 2019) (citing *Williams v. Grossman*, 293 N.W.2d 315 (Mich. 1980) ("An action against a decedent is maintained by naming his personal representative as the defendant.  If administration has not been sought by a spouse or other family member, a creditor may seek to have an administrator appointed.")); M.C.L. § 700.3104(1) (with exception not relevant here, "a proceeding to enforce a claim against a decedent's estate or the decedent's successors shall not be … commenced before the appointment of a personal representative").

It is conceivable, however, that the *in rem* nature of the relief the Plaintiff seeks may make another method of service appropriate, but the current Motion fails to establish that the method of service actually employed qualifies under the rules and applicable law. Plaintiff may, by motion, propose an alternate method of service if so advised and after research.

Title to real estate is at stake in this matter and the Plaintiff must scrupulously observe the rules for serving a decedent's estate to avoid casting any further doubt on the Plaintiff's title at the conclusion of this proceeding or later subjecting the Plaintiff's title to collateral attack.  The court, therefore, will deny the Motion without prejudice.  This will allow the Plaintiff to establish that service already made is effective by pointing the court to some authority, or to take steps to serve the decedent's estate in a manner that complies with Fed. R. Bankr. P. 7004 or applicable state law to the extent it applies.

NOW, THEREFORE, IT IS HEREBY ORDERED the Motion is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Kerry Hettinger, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated April 12, 2021**



Scott W. Dales
United States Bankruptcy Judge